[Cite as *Hook v. Gahris*, 2011-Ohio-6491.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CLARK   COUNTY

| | | |
|---|---|---|
| REBECCA L. HOOK | : | |
| | : | Appellate Case No. 2011-CA-36 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2007-JUV-444 |
| v. | : | |
| | : | |
| WILLIAM D. GAHRIS | : | (Juvenile Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

### O P I N I O N

Rendered on the 16th day of December, 2011.

. . . . . . . . . . .

SCOTT B. BEALS, Atty. Reg. #0055519, 30 Warder Street, Suite 250, Springfield, Ohio 45504
        Attorney for Plaintiff-Appellee

DIANE DePASCALE, Atty. Reg. #0016654, Liberty Tower, Suite 1406, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant William Gahris appeals from an order of the Clark County Juvenile Court adopting a magistrate's decision that prevents him from having his natural child within five hundred feet of his stepchild during his parenting-visitation time.  Gahris contends that the Juvenile Court erred when it determined that the Ohio Rules of Evidence did

not apply to the proceeding below. He further contends that the Juvenile Court erred by failing to consider all the of evidence presented.

{¶ 2} We conclude that the Juvenile Court erred. The Ohio Rules of Evidence do apply to custody and visitation hearings brought under R.C. Chapter 3111. We further conclude that the issue of whether the trial court properly considered all of the evidence is moot in view of our holding that the Ohio Rules of Evidence apply to this proceeding.

{¶ 3} Accordingly, the judgment of the Juvenile Court is Reversed, and this matter is Remanded for further proceedings consistent with this opinion.

I

{¶ 4} Rebecca Hook and William Gahris were never married, but they are the parents of one minor child. In 2007, Hook filed a complaint, under R.C. Chapter 3111, in the Clark County Juvenile Court seeking acceptance of administrative orders establishing paternity and setting Gahris's child support obligation. The Juvenile Court adopted the administrative orders.

{¶ 5} Gahris subsequently filed a motion seeking custody of the child or, alternatively, visitation. They parties later filed an agreed order whereby Hook was designated as residential and legal custodian of the child and Gahris was granted visitation.

{¶ 6} In April 2010, Hook moved for an ex parte order, as well as a permanent order, suspending Gahris' visitation time. Hook supported the motion with an affidavit in which she alleged as follows:

{¶ 7} " * * *

{¶ 8} "[Gahris's] live-in girlfriend has a minor child, who is 10 years old and who

also lives with [Gahris].

{¶ 9}   "[Hook] has reason to believe that [the ten year old child] did inappropriately touch [the parties' minor child] in a sexual manner while visiting with [Gahris] based upon statements made by [the parties' minor child] on March 29, 2010 and thereafter.

{¶ 10} "On April 5, 2010, [the parties' minor child] was evaluated by Amber Lee, MSW, LSW, for the CARE House Child Advocacy Center, Dayton, Ohio (Associated with Children's Medical Center).   Ms. Lee's opinion is that [the child's] statements were true and that said child should not be in contact with [the older child] at this time.

{¶ 11} "At this time it is in [the best interest of the parties' minor child] to suspend parenting time with [Gahris] until further investigation is completed or until arrangements can be made to ensure the child will not have contact with [the older child]."

{¶ 12} An ex parte order was entered on that date suspending the child's visitation with Gahris and restraining Gahris "and anyone else associated with [him], from discussing the incident with [the parties' child]."   On the day the matter was set for hearing, the parties entered into an agreed order reinstating the visitation but requiring that the older child not be present during the visitation times and that any telephone contact between the children would be supervised.   The order also stated that the older child would "receive counseling."   The matter was set for a review hearing.

{¶ 13} Hook later moved to modify the agreed order and to suspend all contact between the children.   Gahris moved to exclude all testimony regarding "statements allegedly made by the parties' minor child * * * to [Hook] and in forensic interview(s) as testimonial and inadmissible [hearsay]."

{¶ 14} A hearing was held before the magistrate in October 2010. At the hearing, the following colloquy took place between Hook and her attorney:

{¶ 15} "Q: Will you please let the Court know why you [filed the motion to suspend and/or modify visitation]?

{¶ 16} "A: Because [my child] had told me –

{¶ 17} "MS. DEPASCALE: Objection to any statement the child allegedly made out of Court.

{¶ 18} "THE COURT: Mr. Beals?

{¶ 19} "MR. BEALS: Your Honor, I believe that the statements that [the parties' child], that my client will be testifying to will fall under the exception of excited utterance by [the child] in this situation.

{¶ 20} "THE COURT: Try and lay a foundation.

{¶ 21} "Q: When you – as far as the conversation or the statements made by [your child], what day was that?

{¶ 22} "A: It was Monday, I believe it was March 28.

{¶ 23} "Q: And then on, just prior to that Monday, had he had visitation with Mr. Gahris?

{¶ 24} "A: Yes. He came home Sunday night.

{¶ 25} " * * *

{¶ 26} "Q: And things that [the child] said, what time of the day was it when he said these things to you?

{¶ 27} "A: It was in the morning around 10:00, between 10:00 and 11:00.

**{¶ 28}** "Q: And what were you doing at the time?

**{¶ 29}** "A: [He] was in the bathtub, and I was in the hallway immediately outside of the bathroom bringing laundry.

**{¶ 30}** "Q: And were you and he talking about the visitation or anything of that nature, or were you talking about other things, or not talking at all?

**{¶ 31}** "A: We really weren't talking.   He was playing, and that was it.

**{¶ 32}** "Q: And as he was playing, what did he say?

**{¶ 33}** "MS. DEPASCALE: Objection.

**{¶ 34}** "THE COURT: Say what he said.

**{¶ 35}** "THE WITNESS: He said, Mommy, [the older child] told me to suck on his penis.

**{¶ 36}** "THE COURT: What's your objection?

**{¶ 37}** "MS. DEPASCALE: There is no foundation for an exception to the hearsay rule.   This is prohibited, inadmissible testimony under the Six [sic] Amendment, and also –

**{¶ 38}** "THE COURT: Just the short objection.

**{¶ 39}** "MS. DEPASCALE: Just one case citation, under the standards set by Ohio vs. Arnold, Ohio Supreme Court this year.

**{¶ 40}** "THE COURT: Mr. Beals?

**{¶ 41}** "MR. BEALS: Yes, your Honor.   There's substantial case law, State vs. Wagner, State vs Gertz (phonetic spelling), In Re: Diem (phonetic spelling), all indicating that statements specifically made by a small child regarding sexual assault that happened within a short period of time afterwards to be considered excited utterances.   There's been times

where six days have passed, there's been times where two weeks have passed and the Court still considered it an excited utterance based upon the child's age.

**{¶ 42}** "THE COURT: Objection is overruled.

**{¶ 43}** " * * *

**{¶ 44}** "Q: So after he made that statement to you, what was your response?

**{¶ 45}** "A: I said, what?  And he said, [the older child] told me to suck on his penis, and that he couldn't suck on mine because that would be bad.  And so the conversation ensued, do you want me to –

**{¶ 46}** "Q: What happened after that?

**{¶ 47}** "A: I asked him, I said, well, did you suck on [the older child's] penis?  And he said no.  I went into the bathroom immediately, and I said did you suck on [his] penis, and he said no.  And I said, did he suck on yours?  And he said no.  And I asked him did [he] touch your penis?  And he said no.  I said did you touch [his]?  And he said no.  I said did [he] pull your pants down?  And he said no.  I said did [the older child] pull his pants down?  And he said yes.

**{¶ 48}** "MS. DEPASCALE: Objection, move to strike, same basis, your Honor, for the record.

**{¶ 49}** "THE COURT: Overruled."

**{¶ 50}** A psychologist who had evaluated [the parties' child] also testified at the hearing.  She was also permitted to testify, over objection, that the child had consistently related to her that the older child had told him to suck his penis.

**{¶ 51}** Following the hearing, the magistrate entered a decision that it was in the best

interest of the parties' child to have no contact with the older child. The magistrate ordered that Gahris not permit the older child to be within 500 feet of the parties' child.

{¶ 52} Gahris filed objections to the magistrate's decision. He specifically objected to the magistrate's evidentiary ruling permitting Hook and the psychologist to testify regarding the statements made by the child. A hearing was held on the objections in the Juvenile Court in February 2011, following which the trial court ordered the parties to submit briefs on the issue of whether the Ohio Rules of Evidence apply to this proceeding in Juvenile Court. The matter was briefed, and the Juvenile Court rendered a decision holding that the Rules of Evidence have no application to the matter at issue in this case.

{¶ 53} Thereafter, the Juvenile Court entered an order overruling Gahris's objections and adopting the magistrate's decision. The Juvenile Court renewed its holding regarding the non-application of the Rules of Evidence as part of its final order.

{¶ 54} From the order of the trial court restricting contact between the two children, Gahris appeals.

II

{¶ 55} Gahris's First, Second and Third Assignments of Error state as follows:

{¶ 56} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT/FATHER'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY SUA SPONTE EXCLUDING APPLICATION OF THE OHIO RULES OF EVIDENCE IN THIS JUVENILE COURT CASE WHEREIN TWO UNWED PARENTS DISPUTED PARENTAL RIGHTS RE: FATHER'S PARENTING TIME.

{¶ 57} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT/FATHER'S CONSTITUTIONAL RIGHT TO EQUAL PROTECTION BY SUA SPONTE EXCLUDING APPLICATION OF THE OHIO RULES OF EVIDENCE IN THIS JUVENILE COURT CASE WHEREIN TWO UNWED PARENTS DISPUTED PARENTAL RIGHTS RE: FATHER'S PARENTING TIME.

{¶ 58} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED HEARSAY STATEMENTS ALLEGEDLY MADE BY THE PARTIES' CHILD: M.G. (THEN, AGE 3) - CONTRARY TO THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND THE RIGHT TO DUE COURSE OF LAW OF THE OHIO CONSTITUTION - ARTICLE 1, § 16."

{¶ 59} Gahris contends that the Juvenile Court erred when it determined that the Ohio Rules of Evidence have no application to the proceedings in this case.

{¶ 60} We begin with Evid.R. 101, which states in pertinent part as follows:

{¶ 61} "(A) Applicability.  These rules govern proceedings in the courts of this state, subject to the exceptions stated in division (C) of this rule.

{¶ 62} "(B) Privileges.  * * *

{¶ 63} "(C) Exceptions.  These rules (other than with respect to privileges) do not apply in the following situations:

{¶ 64} " * * *

{¶ 65} "(6) Other rules.  Proceedings in which other rules prescribed by the Supreme Court govern matters relating to evidence.

{¶ 66} "(7) Special non-adversary statutory proceedings. * * *

**{¶ 67}** " \* \* \* ."

**{¶ 68}** Thus, with several specific exceptions that are not material to these proceedings, the Rules of Evidence apply to all judicial proceedings unless there is a specific rule promulgated by the Ohio Supreme Court stating otherwise.

**{¶ 69}** There are several sections in the Rules of Juvenile Procedure wherein it is specifically stated that the Rules of Evidence do not apply, or that a juvenile court may admit evidence not normally allowed by the evidence rules. For instance, Juv.R. 7(F)(3), which governs detention hearings, states that the Juvenile Court "may consider any evidence \* \* \* *without regard to the formal rules of evidence*." Juv.R. 7(F)(3), emphasis added. Additionally, Juv.R. 34(B)(2) provides that in dispositional hearings, the Juvenile Court may "admit evidence that is material and relevant, including, but not limited to, hearsay, opinion, and documentary evidence[.]"

**{¶ 70}** We have not found, and Hook has not cited, any rule applicable to juvenile court proceedings concerned with parental visitation that supersedes the Ohio Rules of Evidence. Indeed, as a general rule the "Ohio Rules of Evidence apply to juvenile court proceedings \* \* \* [except that] their applicability at the dispositional stage is somewhat limited." Gianelli & Salvador, *Baldwin's Ohio Juvenile Law Section*, 21:9, at 297-298 (2011). (Footnote omitted.)

**{¶ 71}** Furthermore, Juv.R. 1(C)(4) states that the Juvenile Rules of Procedure do not apply "in proceedings to determine parent-child relationships \* \* \*." The Staff Notes to this rule state that it "now reflects current terminology used in Revised Code Sections 3111.01 through 3111.19 regarding the establishment of the parent and child relationship." See, Ohio

Rev. Code Ann. Juv.R. 1 (Baldwin 2009). We note that this entire action has proceeded under the auspices of R.C. 3111.01 through R.C. 3111.19, which permits a father, after a determination of paternity, to file a motion seeking a determination of parental rights and responsibilities, including custody and visitation issues. Thus, the parties and the trial court have assumed that for the purposes of Juv.R. 1(C)(4), a proceeding to determine parent-child relationships includes the determination of custody and visitation rights.

{¶ 72} In custody and visitation proceedings in domestic relations courts, the Ohio Rules of Evidence have been applied in determining the admissibility of hearsay statements. In *Harrison v. Harrison* (February 25, 1992), Franklin App. No. 91AP-888, the Tenth District Court of Appeals affirmed a determination of a domestic relations court that the provisions relating to hearsay in the Ohio Rules of Evidence apply to statements made by a child in custody matters. Id. at * 4. See also, *Arnold v. Arnold* (1999), 135 Ohio App.3d 465, 470-474, in which the Twelfth District Court of Appeals applied the Ohio Rules of Evidence to hearsay statements made by a child in a divorce case. In *Roach v. Roach* (1992), 79 Ohio App.3d 194, 203-205, this court addressed a trial court's rulings regarding a child's hearsay statements in a custody battle following a divorce, and applied the Ohio Rules of Evidence.

{¶ 73} We see no reason why the Ohio Rules of Evidence – specifically, the rules pertaining to hearsay – would apply to custody and visitation proceedings before a domestic relations court but not to custody and visitation proceedings before a juvenile court. Indeed, to apply a different evidentiary standard in custody and visitation proceedings depending upon whether the parents are married (so that jurisdiction would lie in the domestic relations court) or not married (so that jurisdiction would lie in the juvenile court) would raise issues under the Equal Protection clauses of both the United States and Ohio constitutions.

{¶ 74} We conclude that the Ohio Rules of Evidence apply to proceedings in a juvenile court involving parent-child relationships, specifically including the issues of custody and visitation or parenting time. Thus, the trial court erred by failing to consider Gahris's objections to the magistrate's decision permitting the introduction of hearsay evidence. Upon remand, the trial court may consider whether some or all of the testimony to which Gahris objected might be admissible as an exception to the hearsay rule.

{¶ 75} Gahris's First, Second and Third Assignments of Error are sustained.

III

{¶ 76} Gahris's Fourth Assignment of Error states:

{¶ 77} "THE JUVENILE COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER ALL OF THE FACTORS REQUIRED BY [R.C. 3109.051]."

{¶ 78} Gahris contends that the magistrate did not consider all the factors regarding the child's best interests, so that the Juvenile Court therefore erred by adopting the magistrate's decision.

{¶ 79} We have reviewed the magistrate's decision and find nothing therein to indicate that the magistrate failed to consider all of the evidence and statutory factors it deemed applicable to this case. From reading Gahris's argument in support of this assignment of error, it appears that he is questioning whether the evidence supports the findings made by the magistrate with regard to each of the factors set forth in R.C. 3109.051. In other words, Gahris is making a manifest-weight argument, not the proposition stated in this assignment of error that the magistrate failed to consider the statutory factors.

**{¶ 80}** In any event, since we have concluded that the trial court proceeded under the mistaken assumption that the Ohio Rules of Evidence do not apply to this proceeding, we need not consider this argument; upon remand the evidence admitted may be different, and the trial court may reach a different conclusion from the evidence.

**{¶ 81}** The Fourth Assignment of Error is overruled as moot.

IV

**{¶ 82}** Gahris's First, Second and Third Assignments of Error having been sustained, the order of the trial court from which this appeal is taken is Reversed, and this cause is Remanded for further proceedings in accordance with this opinion.

. . . . . . . . . . . . .

FROELICH, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies mailed to:

Scott B. Beals
Diane Kappler DePascale
Hon. Thomas J. Capper